**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**MATTHEW AMEZQUITA,**

      **Petitioner,**

**v.**                                 **Case No. 3:16cv176-MCR/CAS**

**STATE OF FLORIDA,**

      **Respondent.**
_____/

## REPORT AND RECOMMENDATION

On April 20, 2016, Petitioner Matthew Amezquita, an inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. After direction by this Court, *see* ECF No. 3, Petitioner filed an amended § 2254 petition, ECF No. 8. On March 31, 2017, Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 14. Petitioner has not filed a reply, although given the opportunity to do so. *See* ECF No. 13; *see also* ECF Nos. 9, 11.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The

pleadings and attachments before the Court show the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Matthew Amezquita entered a plea of nolo contendere to the crime of sexual battery (with a victim less than 12 years old and a defendant less than 18 years old), contrary to section 794.011(2)(b), Florida Statutes, a life felony, in case number 09-CF-5236, the First Judicial Circuit, Escambia County, Florida. *See* Ex. A at 41.[1] In a judgment and sentence rendered May 27, 2010, the state trial court adjudicated him guilty and sentenced him as an adult to 10 years in prison followed by 5 years of probation, with jail credit for 219 days, and designated him a sex offender pursuant to section 948.30, Florida Statutes. *Id.* at 41-45.

The next day, May 29, 2010, Petitioner filed a pro se Omnibus Motion to Withdraw Plea and Motion to Stay Sentence. Ex. C. On May 20, 2010, Petitioner filed an Omnibus Request and Memorandum of Law in Support

---

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 14.

of Motion to Withdraw Plea Agreement.  Ex. D.  By order rendered July 16, 2010, the trial court denied Petitioner's motion.  Ex. E.

On June 27, 2012, Petitioner filed a Motion for Post Conviction Relief. Ex. F at 1-11.  By order rendered September 25, 2012, the trial court struck the motion, finding it contained insufficient claims and allowing leave to amend within 30 days.  *Id.* at 12-14.  On October 15, 2012, Petitioner field a motion requesting a 60-day extension of time, *id.* at 15-18, which the trial court denied by order rendered October 22, 2012, *id.* at 19-20.  On November 26, 2012, Petitioner submitted for mailing a notice of appeal in the First District Court of Appeal (First DCA), appealing the order denying his motion for extension of time.  *Id.* at 21-22.  The First DCA dismissed the appeal, case number 1D13-0141, by order on March 15, 2013, for failure to pay the filing fee.  Ex. G.

On February 10, 2014, Petitioner filed in the state trial court a copy of a Petition for Writ of Habeas Corpus for Belated Direct Appeal styled in the First DCA.  Ex. H.  Respondent states the petition does not appear to have actually been filed in the First DCA as no records there confirm its filing. ECF No. 14 at 2.

On March 12, 2014, Petitioner filed a Motion for Leave to Amend and Add Two New Grounds of Post-Conviction Relief 3.850 Motion.  By order rendered May 27, 2014, the state trial court denied the motion.  Ex. J.

On May 11, 2015, Petitioner filed a Motion to Hear and Rule.  Ex. K. By order rendered May 28, 2015, the state trial court denied the motion, explaining Petitioner's motion for post-conviction relief, filed in June 2012, was rule on in September 2012, and Petitioner had previously acknowledged receipt of the court's September 2012 order.  Ex. L.

On August 11, 2015, Petitioner filed a Motion for Postconviction Relief.  Ex. A at 1-6.  On September 23, 2015, he filed a Petition for Writ of Habeas Corpus.  *Id.* at 7-37.  By order rendered November 6, 2015, the state trial court dismissed both filings as untimely.  *Id.* at 38-39.  Petitioner appealed to the First DCA, assigned case number 1D16-0119.  *Id.* at 46-46.  On March 8, 2016, the First DCA per curiam affirmed the case without a written opinion.  Ex. B.  The mandate issued April 5, 2016.  Ex. M.

As indicated above, on April 20, 2016, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.  ECF No. 1.  He filed an amended petition four months later.  ECF No. 8.  On March 31, 2017, Respondent filed a motion to dismiss the petition as untimely,

with exhibits.  ECF No. 14.  Petitioner has not filed a reply, although given the opportunity to do so.  *See* ECF No. 13; *see also* ECF Nos. 9, 11.

## Analysis

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates.  *Id.* § 2244(d)(1)(A).[1]  The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2).  The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence."  <u>Diaz v. Sec'y for Dep't of Corr.</u>, 362 F.3d 698, 702 (11th Cir. 2004).

In this case, the state trial court rendered Petitioner's judgment and sentence on May 27, 2010.  Ex. A at 41-45.  As Respondent indicates, the latest date Petitioner's conviction became final is Monday, August 16, 2010, thirty (30) days after the court denied his motion to withdraw his plea.

---

[1] Later dates which may commence the limitations period are the date on which (1) an unconstitutional impediment which prevented the applicant from filing is removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; and (3) the factual predicate for the claim could have been discovered by due diligence.  28 U.S.C. § 2244(d)(1)(B)-(D).

*See* Fla. R. App. P. 9.140(b)(3) (2010) (allowing 30 days to appeal from rendition of written order imposing sentence); Fla. R. App. P. 9.020(h)(1) (2010) (providing that when motion to withdraw plea is filed, time for filing notice of appeal is tolled until "the filing of a signed, written order disposing of all such motions"); *see also, e.g.*, Thompson v. Smith, 173 F. App'x 729, 730 (11th Cir. 2006) (explaining that after appellant was sentenced on March 26, 1998, he filed a motion to withdraw his plea on April 1, 1998, which court denied on July 9, 1998, and he "did not appeal that ruling and therefore his conviction and sentence became final on August 8, 1998," citing Georgia state rule providing that notice of appeal must be filed within 30 days after entry of appealable decision or judgment); Anderson v. McDonough, No. 06-61236-CIV, 2007 WL1577779 (S.D. Fla. May 31, 2007) (order adopting report and recommendation explaining that "[t]he judgments of conviction and sentence in the underlying criminal cases became final at the very latest on July 22, 2002, the expiration of the thirty-day appeal period from the order denying Anderson's motion to withdraw plea," citing Fla. R. App. P. 9.140(b)(2)(A)(ii) and (b)(3)).

The one-year AEDPA limitations period ended one year later, on August 16, 2011.  *See, e.g.*, Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary

method"); <u>Ferreira v. Sec'y, Dep't of Corr.</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).  Thus, by the time Petitioner filed his state post-conviction motion on June 27, 2012, there was no AEDPA time remaining to be tolled.  *See, e.g.,* <u>Hutchinson v. State of Fla.</u>, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); <u>Tinker v. Moore</u>, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").  As a result, the § 2254 petition filed April 20, 2016, is untimely and Respondent's motion to dismiss should be granted.

## Recommendation

Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 14, be **GRANTED** and Petitioner's amended § 2254 petition, ECF No. 8, be **DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on May 8, 2017.

S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.